COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Chaney, Raphael and Callins

MICHAEL A. MCKINNEY, JR.

MEMORANDUM OPINION*

v. Record No. 0071-22-2 PER CURIAM
FEBRUARY 28, 2023

DANECE J. MCKINNEY

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Theodore J. Markow, Judge Designate

(Lynn L. Robinson, on brief), for appellant.

(Henry W. McLaughlin; Law Office of Henry McLaughlin, P.C., on
brief), for appellee.

Michael A. McKinney, Jr. (husband) appeals the circuit court's order granting Danece J.

McKinney (wife) spousal support. Husband contends that the record does not support the circuit

court's decision because wife abandoned the marital home, received unemployment benefits, and

had the ability to work. After examining the briefs and record in this case, the panel unanimously

holds that oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a). Because husband did not comply with Rule 5A:8 and a transcript

or written statement of facts is indispensable to resolving his appeal, this Court affirms the circuit

court's decision.[1]

BACKGROUND

The parties married in September 2001, and in February 2021, they began living in separate

residences. Husband was employed and earned approximately $81,950 annually. Wife suffered

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The Court denies wife's motion to dismiss the appeal.

from a disability and began receiving social security disability payments in September 2017. Wife received social security disability income of $923 per month.

Wife petitioned for spousal support in the City of Richmond Juvenile and Domestic Relations District Court (JDR court). The JDR court dismissed the petition. Wife appealed to the circuit court, which heard the petition *de novo* and found that wife "demonstrate[d] a need for spousal support" and husband "demonstrate[d] an ability to pay the spousal support." The circuit court granted wife's petition and ordered husband to pay her spousal support in the amount of $1,353 per month. This appeal follows.

## ANALYSIS

"We view the facts in the light most favorable to the prevailing party below, granting to it the benefit of any reasonable inferences; we review issues of law *de novo*." *Wyatt v. Wyatt*, 70 Va. App. 716, 718 (2019). "The trial court has 'broad discretion in setting spousal support and its determination will not be disturbed except for a clear abuse of discretion.'" *Id.* at 719 (quoting *Giraldi v. Giraldi*, 64 Va. App. 676, 681 (2015)).

Husband argues that the circuit court erred in awarding wife spousal support because she abandoned the marital home.[2] Husband also asserts that the circuit court erred in awarding spousal support to wife because she was "qualified and received Virginia Unemployment Benefits . . . and demonstrated that she was able to work."

Rule 5A:8 requires a party to file a timely transcript or written statement of facts in lieu of a transcript. *See* Rule 5A:8(a) and (c) (stating that a transcript or written statements of facts is only part of the record when it is *timely* filed). "When the appellant fails to ensure that the record

---

[2] Husband acknowledges that he did not preserve this issue for appeal but asks that the Court address it under the ends of justice exception to Rule 5A:18. Because husband did not file an indispensable transcript or statement of facts in lieu of a transcript, we need not address whether the ends of justice exception applies.

contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). "If . . . the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012) (alterations in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)). "This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (quoting *Turner*, 2 Va. App. at 99); *see also Bay*, 60 Va. App. at 528-29.

The circuit court entered the final order on December 15, 2021. On January 12, 2022, husband timely filed a notice of appeal. Under Rule 5A:8(c), husband was required to file a written statement of facts in lieu of a transcript "within 60 days after entry of judgment" to the circuit court clerk. As such, husband was required to file a statement of facts in lieu of a transcript by February 14, 2022. Husband did not file his statement of facts in lieu of a transcript until March 11, 2022. Under Rule 5A:3(c), a motion for an extension of time is timely if it is filed "within 30 days after the filing deadline for which an extension is sought," which in this case was March 16, 2022. Although husband filed the statement of facts before March 16, he did not timely submit a motion for an extension of time to submit the statement of facts. The circuit court held that "treating the March 11, 2022, filing as a motion for leave to file late is inappropriate and would contravene the explicit filing requirements laid out by the Rules of the Supreme Court of Virginia." Accordingly, the circuit court found that the statement of facts in lieu of a transcript was not timely filed.

Since the record does not include a timely filed transcript or a written statement of facts in lieu of a transcript, we must consider whether one is indispensable to a determination of the assignments of error on appeal. *See Bay*, 60 Va. App. at 528-29; *Anderson v. Commonwealth*, 13 Va. App. 506, 508 (1992). "Whether the record is sufficiently complete to permit our review on

appeal is a question of law subject to our *de novo* review." *Bay*, 60 Va. App. at 529. Without a transcript or a written statement of facts, we cannot assess the evidence presented to the circuit court with respect to husband's contention that wife received unemployment benefits and was able to work. We conclude that a transcript or a written statement of facts in lieu of a transcript was indispensable to permit this Court to resolve the issues raised. *See Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000). As husband failed to provide a timely filed transcript or a written statement of facts in lieu of a transcript, necessary to resolve his assignments of error, we will not consider them. Rule 5A:8(b)(4)(ii).

## CONCLUSION

For these reasons, the circuit court's decision is affirmed.

*Affirmed*.